# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Barrios Martinez,<br><br>Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>Respondents. | No. CV-25-04953-PHX-MTL (JFM)<br><br>**ORDER** |

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1.) The Petition presents the recurring issue whether a particular person is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(a). District courts have split on this issue, although Respondents position is the minority as set forth in *Soto v. Noem*, CV-25-4178-PHX-MTL (MTM), ECF No. 19 at 2–4 (D. Ariz. Nov. 26, 2025). On December 11, 2025, the Seventh Circuit concluded the Department of Homeland Security and the U.S. Immigration and Customs Enforcement were "not likely to succeed on the merits of their argument" regarding "mandatory detention under § 1225(b)(2)(A)." *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514, at *9 (7th Cir. Dec. 11, 2025). And on December 18, 2025, the Central District of California entered judgment in a class action likely covering petitioner declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for

Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, Doc. 94 (C.D. Cal. Dec. 18, 2025). Based on prior decisions in the District of Arizona, the Seventh Circuit's opinion, and the final judgment entered by the Central District of California, Respondents must show cause why the Petition should not be granted to the extent that Petitioner be released or provided a bond hearing under 8 U.S.C. § 1226.[1]

Accordingly,

**IT IS ORDERED:**

1. The Motion for Temporary Restraining Order (Doc. 2) is **denied**.
2. Counsel for Petitioner must immediately serve the Petition upon Respondents.
3. If not already issued, the Clerk's Office must issue any properly completed summonses.
4. The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.
5. Respondents must show cause no later than **January 9, 2026** why the Petition should not be granted. Petitioner may file a reply no later than **January 12, 2026**.

Dated this 2nd day of January, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

---

[1] Petitioner filed a Motion for Temporary Restraining Order (Doc. 2). The Motion is rendered moot by issuance of this order to show cause and is also denied.